## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BROCK SKOV, individually and on behalf of all similarly situated persons, | Case No.:_____ |
| Plaintiff, | (Fourth Judicial Circuit in Duval County, FL Case No. 2024-CA-003154) |
| v. | NOTICE OF REMOVAL |
| LAKEVIEW HEALTH SYSTEMS, LLC, | [28 U.S.C. §§ 1332 and 1441(b); DIVERSITY JURISDICTION] |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453, Defendant Lakeview Health Systems, LLC, ("Lakeview") hereby files this Notice of Removal of the action filed by Kevin Brock Skov ("Plaintiff"), on behalf of himself and others similarly situated, in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Case No. 2024-CA-003154, to the United States District Court for the Middle District of Florida.

## JURISDICTION AND VENUE

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Removal to this Court is proper under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). The United States District Court for the Middle District of Florida embraces the place this action is pending (i.e., Duval County). Therefore, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

1

## I.    DESCRIPTION OF ACTION

On or about June 6, 2024, Plaintiff Brock, individually and on behalf of all similarly situated persons (hereinafter referred to as "Plaintiff"), initiated this putative class action against Lakeview in the Circuit Court within and for Duval County. Lakeview was purportedly served on June 28, 2024. The Class Action Petition for this instant action, captioned *BROCK SKOV, individually and on behalf of all similarly situated persons v. Lakeview Health Systems, LLC,* bearing case number 2024-CA-003154, is attached hereto as Exhibit A.

Plaintiff alleges that he, and similarly situated individuals, experienced damages as a result of a third-party cyber-attack on Lakeview's computer network. *See* Exhibit A at ¶¶ 8, 10-13. Plaintiff has raised four causes of action: Negligence, Breach of Implied Contract, Breach of Fiduciary Duty, and Violation of the Florida Deceptive and Unfair Trade Practices Act. *See* Exhibit A. Further, Plaintiff seeks extensive equitable and injunctive relief. *See Id.* Lakeview denies the allegations underlying Plaintiff's claims.

## II.    TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

Lakeview was purportedly served with Plaintiff's Class Action Petition on June 28, 2024. A notice of removal must be filed within thirty days of service of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). Notice of removal in this matter must therefore be filed by July 28, 2024. Accordingly, Lakeview's Notice of Removal is timely.

## III.    CAFA JURISDICTION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Parnell v. Sch. Bd. of Lake Cnty., Fla.*, 685 F. Supp. 3d 1339, 1350 (M.D. Fla. 2023) citing *Id.* and *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–1280

(11th Cir. 2001) ("As such, federal court have an obligation to inquire into their subject matter jurisdiction"). Generally, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). However, CAFA has "significantly expanded federal diversity jurisdiction over most class actions by dispensing with traditional diversity rules". *Toll v. Fla. Power & Light Co.*, No. 23-CV-60598-RAR, 2023 WL 9197971, at *1 (S.D. Fla. Nov. 12, 2023).

Under CAFA, as codified in pertinent part at 28 U.S.C. § 1332(d), a district court shall have subject matter jurisdiction over a class action in which the class: (1) includes at least 100 members; (2) the matter in controversy, in the aggregate, exceeds five million dollars; and (3) minimal diversity exists. *See Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006). This Court has recognized that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Dudley v. Eli Lilly and Co*., 778 F.3d 909, 912 (11th Cir. 2014); *Toll v. Fla. Power & Light Co*., No. 23-CV-60598-RAR, 2023 WL 9197971, at *3 (S.D. Fla. Nov. 12, 2023) ("we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions").

### a.  <u>Minimum Diversity Exists in this Matter</u>

"The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.A. § 1332 (d)(2)(A). A plaintiff is a "a citizen of the state in which he is domiciled". *Smith v. Marcus & Millichap, Inc*., 991 F.3d 1145, 1149 (11th Cir. 2021)(quotations

omitted). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom". *Id.* A corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c). Here, minimum diversity exists because 7,148 potential class members are citizens of different states than Lakeview. *See* Exhibit B and the Decl. of Jordan Morgan attached as Exhibit C.

Lakeview is a Florida Limited Liability Company. Accordingly, Lakeview is a citizen of Florida. Plaintiff is a purported resident and citizen of Duval County, Florida. *See* Exhibit A, ¶ 14. Accordingly, Plaintiff is a citizen of Florida. A total of 10,772 notices were mailed to potential class members following the data breach, including Plaintiff. *See* Exhibit A, ¶ 20 and Exhibit B. While Plaintiff and Lakeview are both citizens of Florida, 7,148 potential class members are not. *See* Exhibit A, ¶¶ 14, 15, and Exhibits B and C. Although CAFA provides a local controversy exception where "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" this exception is not applicable to the instant matter. 28 U.S.C.A. § 1332(d)(4)(A)(i)(I). Here, although the named Plaintiff and Lakeview are both domiciled in Florida, the local controversy exception is inapplicable and thus minimum diversity exists.

**b. <u>The Class Likely Exceeds 100 Individuals</u>**

Removal of a class action requires a showing that the class exceeds 100 members. *See* 28 U.S.C.A. 1332(d)(5)(B). Plaintiff's Complaint alleges that Lakeview "reported that 548 residents of Texas were impacted" by the data breach. Exhibit A, ¶ 76. A total of 10,772 notices were mailed to potential class members. *See* Exhibit B. Thus, the proposed class likely exceeds 100 members.

**c.  The Amount in Controversy Likely Exceeds $5,000,000**

As a preliminary matter, the amounts set forth in this Notice of Removal are solely for purpose of establishing that the amount in controversy exceeds the $5,000,000.00 threshold. Any and all amounts herein are not an admission that Plaintiff can state a claim, establish standing, or are entitled to damages in any amount. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (internal citations omitted) (Amount in controversy at the time of removal is an estimate of how much will be put at issue during the litigation). Defendant denies liability, denies that Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter. Notwithstanding, the amount in controversy set forth in Plaintiff's Complaint exceeds the jurisdictional requirements of CAFA. *See* Exhibits A, B, C, and D.

Pursuant to CAFA, a class action is removable if the aggregate sum of the class claims meets or exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(d)(2). A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. In order to determine the amount in controversy, courts look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading. *Owens*, 574 U.S. at 81 (quoting H.R. Rep. No. 100-889, p. 71 (1988)) (internal quotations omitted). "No anti-removal presumption attends cases invoking CAFA which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* at 82.

A defendant seeking removal of a class action demonstrate by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied. *See Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019). The amount in controversy includes potential declaratory

and injunctive relief. *Id.* The "value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted". *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–16 (11th Cir. 2014) (internal citations omitted) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir.2000)) (for amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective). To determine whether the defendant has carried its burden, a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence. *Anderson*, 943 F.3d at 925. Based on Plaintiff's allegations, which control for removal purposes but are wholly disputed by Lakeview, Lakeview plausibly alleges that the CAFA amount in controversy requirement is satisfied here.

Plaintiff seeks actual, consequential, and nominal damages "as allowed by law in the amount to be determined". Plaintiff's alleged damages and prayer for relief include damages for "actual identity theft; the loss of the opportunity of how their PII is used; the compromise, publication, and/or theft of their PII; out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; costs associated with placing freezes on credit reports; the continued risk to their PII, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII of Plaintiff and the [potential] Nationwide Class; and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII compromised as

a result of the Data Breach for the remainder of the lives of Plaintiff and the [potential] Nationwide Class";… "the threat of the sharing and detrimental use of their confidential medical information; ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts, decreased credit scores and ratings; lost work time; and other economic and non-economic harm". CAC ¶ 114, 124, p.33-37. Plaintiff further alleges to "have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses". CAC ¶ 115.

Among the damages alleged is "future costs" to detect and prevent identity theft through credit monitoring "for the remainder of the lives of Plaintiff and [potential] Nationwide Class". CAC ¶¶ 114, 124. Credit monitoring services are of varying costs; premium credit monitoring services generally cost between $8.99 to $39.95 per month. *See* Alexandria White, "How Much does Credit Monitoring Cost?", available at https://www.cnbc.com/select/how-much-does-credit-monitoring-cost/ and attached hereto as Exhibit D. This represents a potential annual cost between $107.88 - $479.40 per year per Class member. The alleged putative class is believed to consist of 10,772 members. *See* Exhibit B. The average life expectancy in the United States is 77.0 years.[1] As the various ages of the Class members are unknown, it is fair to assume lifetime credit monitoring for a range of 20 – 50 years per Class member. A single year of credit monitoring

---

[1] Centers for Disease Control, https://www.cdc.gov/nchs/fastats/life-expectancy.htm

services for this potential Class could carry a cost of $1,162,083.36 to $5,164,096.80 per year. Accordingly, lifetime credit monitoring for all potential Class members alone could carry a cost that is far beyond the $5,000,000.00 threshold and that could reach upwards of hundreds of millions of dollars. Additionally, Plaintiff's Complaint asks the Court to order injunctive relief requiring Lakeview to implement a multitude of data management and security tactics. *See* CAC p.33-37. The costs of such additional hiring, testing, and implementation could well exceed the amount in controversy threshold alone. For instance, Plaintiff demands an Order prohibiting Lakeview from maintaining PII on a cloud-based device which could alone impose a substantial and ever-increasing cost. *Id.* Adding these costs to those associated with Plaintiff's claims for those detailed supra, and the total amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000.00.

## IV.  <u>NOTICE TO ADVERSE PARTIES AND THE CIRCUIT COURT</u>

As required by 28 U.S.C. 1446(d), promptly after filing this Notice, Lakeview will provide written notice of removal to Plaintiff and are filing a copy of this Notice with the Clerk of the Fourth Judicial Circuit in and for Duval County, Florida.

## V.  <u>CONCLUSION</u>

WHEREFORE, without waiving any of its potential defenses or counterclaims, Lakeview respectfully removes this action from the Circuit Court of the Fourth Circuit in and for Duval County, Florida, to this Court and respectfully requests that: this Court will consider this Notice of Removal as provided by the law governing removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court

will make such other orders as may be appropriate to effect the preparation of filing of a true record in this case of all proceedings that may have been had in the State Court Action.

Dated: July 18, 2024                                    Respectfully submitted,

                                                        **CIPRIANI & WERNER, P.C.**

                                                        _____

                                                        Carlos M. Lastra, Esq.
                                                        FL Bar No. (0963488)

                                                        603 E. Fort King Street
                                                        Ocala, FL  34471
                                                        Tel: (888) 473-2720
                                                        CLastra@c-wlaw.com

                                                        *Attorneys for Defendant*
                                                        *Lakeview Health Systems, LLLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I caused to be served a true and correct copy of the foregoing document, together with the attached Notice of Removal filed on July 18, 2024, in the United States District Court for the Middle District of Florida by first class and/or electronic mail to Plaintiff's attorneys of record to the address below:

Patrick A. Barthle, II
Morgan & Morgan Complex Litigation Group
201 N. Franklin Street, 7th Floor Tampa, Florida 33602
(813) 223-5505 II FAX: (813) 223-5402
E-Mail: pbarthle@forthepeople.com and jcabezas@forthepeople.com

_____
Carlos M. Lastra, Esquire
FL Bar No. (0963488)
CIPRIANI & WERNER, PC