# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BROCK SKOV, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

Case No. 3:24-cv-732-MMH-LLL

LAKEVIEW HEALTH SYSTEMS, LLC,

    Defendant.

---

KEVIN WALKER, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

Case No. 3:24-cv-826-MMH-MCR

LAKEVIEW HEALTH SYSTEMS, LLC,

    Defendant.

---

JEFFREY W. HURLEY,
individually and on behalf of all
similarly situated persons,

    Plaintiff,

v().                                           Case No. 3:24-cv-961-MMH-MCR

LAKEVIEW HEALTH
SYSTEMS, LLC,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. This case is a consolidated class action originating as three actions removed from state court. See Case No. 3:24-cv-732-MMH-LLL (Consolidated Action or Skov Action); Case No. 3:24-cv-826-MMH-MCR (Walker Action); Case No. 3:24-cv-961-MMH-MCR (Hurley Action); Notice of Removal (Doc. 1; Skov Removal Notice), filed July 23, 2024 (removing the Skov Action to this Court); Notice of Removal (Walker Action Doc. 1; Walker Removal Notice), filed July 18, 2024 (removing the Walker Action to the United States District Court for the Southern District of Florida); Notice of Removal (Hurley Action Doc. 1; Hurley Removal Notice), filed September 17, 2024 (removing the Hurley Action to this Court); Order (Doc. 21),

entered September 10, 2024 (the first consolidation Order); Order (Doc. 24), entered September 25, 2025 (the second consolidation Order).[1]

In due course, the Court directed Plaintiffs to file a consolidated complaint, which they did on October 31, 2024. See Order (Doc. 27), entered October 17, 2024; Consolidated Class Action Complaint (Doc. 28; Consolidated Complaint). In the Consolidated Complaint, Plaintiffs allege that Lakeview was the target of a data breach, which potentially exposed Plaintiffs' sensitive information to unauthorized third parties. See generally Consolidated Complaint. Plaintiffs bring claims against Lakeview for negligence, breach of implied contract, breach of fiduciary duty, unjust enrichment, and violation of the Florida Deceptive and Unfair Trade Practices Act. Id. ¶¶ 127–204. They seek various forms of relief, including an injunction against Lakeview's alleged wrongful conduct and requiring Lakeview to provide certain disclosures, an injunction requiring Lakeview to take certain remedial steps to protect Plaintiffs' data, and damages "including actual, consequential, and nominal damages." Id. at 52–57.

On December 19, 2024, Lakeview filed a motion to dismiss the Consolidated Complaint for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). See Defendant Lakeview Health Systems'

---

[1] Unless otherwise specified, citations to docket entries are to entries made in the Consolidated Action, Case No. 3:24-cv-732-MMH-LLL.

Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 49; Motion). The Motion is ripe.[2] However, upon review of the Consolidated Complaint, the Court is unable to determine whether it has subject matter jurisdiction over this action because it is not clear that any named Plaintiff has standing. Accordingly, the Court will defer resolution of the Motion and order Lakeview to show cause why this action should not be remanded to state court. Anticipating that Lakeview could conceivably choose instead to accede to a remand, the Court will also give Plaintiffs an opportunity to be heard on the issue of their standing. To help frame the parties' analysis, the Court provides the following summary of relevant legal authority.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into

---

[2] Plaintiffs responded to the Motion, see Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. 57), and, with leave of Court, see Order (Doc. 60), entered February 24, 2025, Lakeview filed a reply and Plaintiffs filed a sur-reply, see Reply in Further Support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (Doc. 66), filed March 10, 2025; Plaintiffs' Sur-Reply in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 69; Surreply), filed March 24, 2025.

subject matter jurisdiction sua sponte whenever it may be lacking."). For a federal court to exercise jurisdiction over an action, the plaintiff must have Article III standing to sue. Tsao v. Captiva MVP Rest. Partners, LLC, 986 F.3d 1332, 1337 (11th Cir. 2021). Thus, despite the parties' agreement that Plaintiffs have standing, see Motion at 6 n.8; Surreply at 2, the Court must satisfy itself that standing exists before reaching the merits of the Motion. See Holmes v. Vills. Tri-Cnty. Med. Ctr., Inc., No. 5:21-cv-508-JA-PRL, 2023 WL 315019, at *2–6 (M.D. Fla. Jan. 19, 2023) (remanding an action to state court for lack of standing despite the parties' agreement that the plaintiff had standing).[3] In a removal case, the removing party initially bears the burden of demonstrating that federal jurisdiction exists. Kirkland, 243 F.3d at 1281 n.5; see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006). The showing necessary to carry the burden is commensurate with the stage of the proceedings; "[a]t the pleading stage of a case, 'general factual allegations of injury' can suffice" to establish standing. Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 924 (11th Cir. 2020) (en banc) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)) (explaining that at the pleading stage,

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

"general factual allegations must 'plausibly and clearly allege a concrete injury'" (quoting Thole v. U. S. Bank N.A, 590 U.S. 538, 544 (2020)).[4]

"[F]or a plaintiff to have standing, [he or she] must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Tsao, 986 F.3d at 1337 (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). Importantly, "standing is not dispensed in gross; rather, [the party invoking the court's jurisdiction] must demonstrate standing for each claim that [the plaintiff] press[es] and for each form of relief that they seek (for example, injunctive relief and damages)." TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021). "[A]t the class certification stage only the named plaintiffs need have standing." Green-Cooper v. Brinker Int'l, Inc., 73 F.4th 883, 888 (11th Cir. 2023).

Here, in light of the recent Eleventh Circuit precedent addressing standing in the data breach context, the Court is uncertain of whether any named Plaintiff has standing to pursue any of the relief sought. See

---

[4] The Court is mindful that the initial burden of proof on standing in a removal case produces mixed incentives. To establish jurisdiction, the defendant in a removal case must establish that the plaintiff has suffered a concrete injury that is fairly traceable to the defendant's challenged conduct, even while at the motion to dismiss stage, the defendant might wish to argue that the plaintiff has suffered no damages that were caused by the defendant. Strange as that may be, Lakeview has placed itself in this position by invoking the Court's jurisdiction. If, in light of this Order, Lakeview would like to change its mind by arguing that Plaintiffs lack standing, Plaintiffs are entitled to shoulder the burden and argue that standing is proper. See DaimlerChrysler, 547 U.S. at 342 n.3.

Green-Cooper, 73 F.4th at 889 (explaining that for a party to establish standing in a data-breach case, the Eleventh Circuit "typically require[s] misuse of the data cybercriminals acquire from [the] data breach because such misuse constitutes both a 'present' injury and a 'substantial risk' of harm in the future" and holding that allegations that the plaintiff's information was exposed for sale on the dark web were "critical" to satisfy that requirement); Tsao, 986 F.3d at 1343 (holding that allegations that hackers "may have" been able to access personal financial information did not suffice to create standing when no plaintiff alleged direct financial harm or that their information had been misused); In re Equifax Inc. Customer Data Sec. Breach Litig., 999 F.3d 1247, 1261–64 (11th Cir. 2021) (holding that identity theft was a concrete harm and explaining that "those who suffered identity theft had numerous unauthorized charges and accounts made in their name; incurred specific numerical drops in their credit scores; had their ability to obtain loans affected; purchased credit monitoring; and spent time, money, and effort trying to mitigate their injuries, including disputing fraudulent activity, filing police reports, and otherwise dealing with identity theft").[5] Because the Court is unable to determine

---

[5] In the Consolidated Complaint, Plaintiffs allege that a data breach took place, potentially exposing their highly sensitive personal information to nefarious actors. See Consolidated Complaint ¶¶ 27–29. But, as far as the Court can tell, no named Plaintiff has alleged that their information was actually exposed, that their information is available on the dark web or anywhere else, that they were a victim of actual identity theft, that they suffered any financial harm as a result of the data breach, or that there exists a risk of actual identity

whether it has subject matter jurisdiction over this action, the Court will direct Lakeview to show cause why each of the consolidated actions should not be remanded.

The parties are advised to consider the foregoing sources of law when drafting responses to this Order. Of course, the parties also may rely on other appropriate sources of law (such as the cases from 2019 that Lakeview cites in its Motion at 6 n.8), but in doing so, the citing party should address whether those authorities remain viable in light of more recent caselaw from the Supreme Court and the Eleventh Circuit. Additionally, the parties are cautioned to remember that standing is evaluated separately for each form of relief sought and each claim, and that for each at least one named plaintiff must have standing for that claim to proceed. See In re Equifax, 999 F.3d at 1261 ("[O]nly one named plaintiff must have standing as to any particular claim in order for it to advance.").

Accordingly, it is

**ORDERED:**

---

theft in the future that is high enough to satisfy the concreteness requirement. See generally id. Walker and Hurley allege that after the breach, they experienced a "spike" in spam calls and texts, but the Court identifies nothing in the Consolidated Complaint to suggest that this is fairly traceable to Lakeview's challenged conduct. See id. ¶¶ 85, 103. The same deficiency applies to Hurley's allegation that he "received multiple dark web notification[s]" and "unauthorized credit inquiries." See id. ¶ 101.

1. On or before **May 23, 2025**, Defendant, Lakeview Health Systems, LLC, is directed to **SHOW CAUSE** why this action should not be remanded for lack of subject matter jurisdiction. Lakeview's response shall not exceed **15 pages**, inclusive of all parts.

2. On or before **June 6, 2025**, Plaintiffs shall file a joint memorandum addressing this Court's subject matter jurisdiction. Plaintiff's memorandum shall not exceed **15 pages**, inclusive of all parts.

3. The Court defers resolution of Defendant Lakeview Health Systems' Motion to Dismiss (Doc. 49) pending the Court's resolution of its sua sponte inquiry into the existence of subject matter jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of May, 2025.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record