# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BROCK SKOV, individually and on
behalf of all similarly situated
persons,

      Plaintiff,

v.                                                                Case No. 3:24-cv-732-MMH-LLL

LAKEVIEW HEALTH
SYSTEMS, LLC,

      Defendant.

_____

KEVIN WALKER, individually and
on behalf of all similarly situated
persons,

      Plaintiff,

v.                                                                Case No. 3:24-cv-826-MMH-MCR

LAKEVIEW HEALTH
SYSTEMS, LLC,

      Defendant.

_____

JEFFREY W. HURLEY,
individually and on behalf of all
similarly situated persons,

     Plaintiff,

v.                                                          Case No. 3:24-cv-961-MMH-MCR

LAKEVIEW HEALTH
SYSTEMS, LLC,

     Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On May 8, 2025, the Court entered an Order to Show Cause in which the Court ordered the parties to show cause why these actions should not be remanded to state court for lack of standing. <u>See</u> Order (Doc. 74; Order to Show Cause). All parties have responded. <u>See</u> Lakeview Health Systems, LLC's Response to the Order to Show Cause (Doc. 80; Defendant's Response), filed May 23, 2025; Plaintiffs' Joint Memorandum Addressing this Court's Subject Matter Jurisdiction (Doc. 81; Plaintiffs' Response), filed June 6, 2025. Accordingly, this matter is ripe for review.

The Court assumes the parties are familiar with the procedural history of this case and does not repeat that history here except as necessary to resolve the issue identified in the Order to Show Cause. <u>See</u> Order to Show Cause at 2–4 (outlining the procedural history of this case). Notably, in a removal case

like this one, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also 28 U.S.C. § 1453(c)(1) ("Section 1447 shall apply to any removal of a [class action] case under this section" unless an exception applies). In the Order to Show Cause, which the Court issued pursuant to its unflagging obligation to inquire into its subject matter jurisdiction, the Court summarized recent developments in Eleventh Circuit authority addressing standing in data-breach actions like this one. See Order to Show Cause at 6–7 (citing Green-Cooper v. Brinker Int'l, Inc., 73 F.4th 883, 889 (11th Cir. 2023); Tsao v. Captiva MVP Rest. Partners, LLC, 986 F.3d 1332, 1343 (11th Cir. 2021); In re Equifax Inc. Customer Data Sec. Breach Litig., 999 F.3d 1247, 1261–64 (11th Cir. 2021)); see also TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021). The Court also noted that "[i]n a removal case, the removing party initially bears the burden of demonstrating that federal jurisdiction exists." See Order to Show Cause at 5 (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)). Recognizing that Defendant may not wish to argue that Plaintiffs suffered the kind of concrete injury necessary to establish standing, the Court determined that "Plaintiffs are entitled to shoulder the burden and argue that standing is proper." See Order to Show Cause at 6 n.4 (citing DaimlerChrysler, 547 U.S. at 342 n.3).

Upon review of the parties' Responses, no party has made any attempt to meet the burden of establishing Plaintiffs' standing. Nor has any party contended that the Court made any error of law or fact in the Order to Show Cause, in which the Court expressed skepticism as to whether any Plaintiff alleged that they suffered a concrete injury in fact. See Order to Show Cause at 7 n.5 ("[A]s far as the Court can tell, no named Plaintiff has alleged that their information was actually exposed [in the alleged data breach], that their information is available on the dark web or anywhere else, that they were a victim of actual identity theft, that they suffered any financial harm as a result of the data breach, or that there exists a risk of actual identity theft in the future that is high enough to satisfy the concreteness requirement."). For its part, Defendant contends the burden to establish standing is Plaintiffs' and that Plaintiffs have failed to meet that burden. See Defendant's Response at 4 ("[E]ach Plaintiff bears the burden of establishing their standing at the time of filing their [Consolidated Class Action Complaint (Doc. 28)] and throughout this litigation. … [Defendant] does not believe or argue Plaintiffs have established a legally cognizable injury that is fairly traceable to an act of the Defendant … .").[1] Plaintiffs, meanwhile, maintain that it is Defendant's burden

---

[1] Defendant also discusses various other matters unrelated to standing and the issues raised in the Order to Show Cause, such as whether removal was proper, jurisdiction under the Class Action Fairness Act, and its motion to dismiss. See Defendant's Response at 5–6.

to establish Plaintiffs' standing because Defendant removed these actions from state court to federal court. <u>See</u> Plaintiffs' Response at 2 ("[T]he burden of proving standing lies solely with Defendant."). Moreover, Plaintiffs "accede to remand to state court … ." <u>Id.</u> Because it appears that no Plaintiff has standing to pursue the relief he seeks and no party has shown cause why these actions should not be remanded to state court for lack of subject matter jurisdiction, the Court concludes that these cases are due to be remanded.

In the discussion that follows, the Court explains why deconsolidating the actions and remanding each action to the state court from which it was removed is the proper procedure for remand.[2] As the Court explained in the Order to Show Cause:

> This case is a consolidated class action originating as three actions removed from state court. <u>See</u> Case No. 3:24-cv-732-MMH-LLL (Consolidated Action or Skov Action); Case No. 3:24-cv-826-MMH-MCR (Walker Action); Case No. 3:24-cv-961-MMH-MCR (Hurley Action); Notice of Removal (Doc. 1; Skov Removal Notice), filed July 23, 2024 (removing the Skov Action to this Court); Notice of Removal (Walker Action Doc. 1; Walker Removal Notice), filed July 18, 2024 (removing the Walker Action to the United States District Court for the Southern District of Florida); Notice of Removal (Hurley Action Doc. 1; Hurley Removal Notice), filed September 17, 2024 (removing the Hurley Action to this Court)[.]

---

[2] The Court uses the term "deconsolidate" instead of "sever" to avoid confusion with the unrelated severability provision of Rule 21, which permits the Court to "sever any claim against a party." <u>See</u> Fed. R. Civ. P. 21.

Order to Show Cause at 2.[3] After the Walker Action was removed to the United States District Court for the Southern District of Florida (the Southern District), that court transferred the action here for consolidation with the Skov and Hurley actions pursuant to 28 U.S.C. § 1404(a). <u>See</u> Order Granting Joint Stipulation to Transfer Venue (Walker Action Doc. 9; Walker Transfer Order), entered August 12, 2024. The Court consolidated each of these cases under Rule 42(a), Federal Rules of Civil Procedure (Rule(s)), designating the Skov Action as the lead case because it was removed first. <u>See</u> Order (Doc. 21; Order Consolidating Skov and Walker Actions), entered September 10, 2024; Order (Doc. 24; Order Consolidating Skov and Hurley Actions), entered September 25, 2024. The Court consolidated the cases "for all pretrial matters." <u>See</u> Order Consolidating Skov and Walker Actions at 2; Order Consolidating Skov and Hurley Actions at 2.

While consolidation "is permitted as a matter of convenience and economy in administration," it "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." <u>See</u> <u>Johnson v. Manhattan Ry. Co.</u>, 289 U.S. 479, 496–97 (1933) (discussing the statute that predated Rule 42); <u>Hall v. Hall</u>, 584 U.S. 59, 73–77, (2018) (explaining that because Rule 42 did not define the word consolidation,

---

[3] Unless otherwise specified, citations to docket entries are to entries made in the Consolidated Action, Case No. 3:24-cv-732-MMH-LLL.

it "presumably carried forward the same meaning we had ascribed to it under the consolidation statute for 125 years and had just recently reaffirmed in Johnson"); see also Boardman Petro., Inc. v. Fed. Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998) ("[C]onsolidation of cases under Fed. R. Civ. P. 42 does not strip the cases of their individual identities."). As such, each individually filed case must maintain its own identity. For purposes of remand, therefore, the Court will deconsolidate the cases.

In light of the Court's determination that these cases are due to be deconsolidated for purposes of remand, the Court must determine whether the Court possesses statutory or other authority to remand the Walker Action to a court outside this Court's territorial jurisdiction—namely, the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, the court from which the Walker Action was removed. See Walker Removal Notice. Notably, the general remand statute, 28 U.S.C. § 1447, does not explicitly authorize a district court to remand a case to a court outside of its territorial jurisdiction. See 28 U.S.C. § 1447(c), 1447(d). However, the statute does preclude appellate review of an order that "remand[s] a case to the State court from which it was removed … ." 28 U.S.C. § 1447(d). Courts have found that this language seems to contemplate remand to one court only—the state court of origin—regardless of whether that court is outside the district court's

territorial jurisdiction. <u>See, e.g.</u>, <u>Bloom v. Barry</u>, 755 F.2d 356, 358 (3d Cir. 1985) ("'Remand' means 'send back.' It does not mean 'send elsewhere.'").[4]

Of the Courts of Appeals to have discussed the appropriate procedure for remand to a court outside the district court's territorial jurisdiction, it appears each agrees that a "cross-jurisdictional remand" to the state court of origin is permitted under the general remand statute, 28 U.S.C. § 1447(c). <u>See</u> <u>Bloom</u>, 755 F.2d at 358 ("Following the change of venue the District [Court] of New Jersey had the same authority with respect to disposition of the case as had the District Court for the Southern District of Florida."); <u>In re Federal-Mogul Global, Inc.</u>, 300 F.3d 368, 386–87 (3d Cir. 2002) ("[In <u>Bloom</u>], [w]e held that, just as the district court in Florida could have remanded the case to Florida state court if it found any jurisdictional defects, after transfer so too could the district court in New Jersey." (quoting <u>Bloom</u>, 755 F.2d at 358)); <u>Republic of Venezuela v. Philip Morris Inc.</u>, 287 F.3d 192, 199 (D.C. Cir. 2002) (in a consolidated case where actions were filed in Florida state court, removed to the United States District Court for the Southern District of Florida, and

---

[4] The other potentially relevant remand statute is 28 U.S.C. § 1453(c), which governs remand procedures in class actions. But this provision is not applicable here because, "[f]or better or worse, § 1453(c)(1)'s text is best interpreted not to encompass a district court's decision to remand <u>sua sponte</u>." <u>Ruhlen v. Holiday Haven Homeowners, Inc.</u>, 28 F.4th 226, 228 (11th Cir. 2022). And even if § 1453(c)(1) did apply, it does not shed any light on a district court's removal power because it uses the same operative language as § 1447(c). <u>See</u> 28 U.S.C. § 1453(c)(1) ("[N]otwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion <u>to remand a class action to the State court from which it was removed</u> if application is made to the court of appeals not more than 10 days after entry of the order." (emphasis added))

transferred to the United States District Court for the District of Columbia, the D.C. Circuit held that remand of some of the actions back to Florida state court was not reviewable and that mandamus to prevent remand of other actions was not appropriate in part because the defendants did not "come close to demonstrating that it would be a clear error or an abuse of discretion for the district court to order the cases remanded"); see also Huse v. Sparks Energy, Inc., No. 2:20-cv-115-ACA, 2020 WL 5809973 (N.D. Ala. June 23, 2020). As such, upon deconsolidating these cases, the Court will remand the Walker Action to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and the Skov and Hurley Actions to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

Accordingly, it is

**ORDERED:**

1.  These consolidated cases are **deconsolidated**:

    -   Case No. 3:24-cv-732-MMH-LLL;

    -   Case No. 3:24-cv-826-MMH-MCR; and

    -   Case No. 3:24-cv-961-MMH-MCR.

2.  The Clerk of the Court is directed to **file a copy of this Order** in Case Nos. 3:24-cv-826-MMH-MCR and 3:24-cv-961-MMH-MCR.

3.  The Clerk of the Court is further directed to **REMAND** each individual case as follows:

A. Case No. 3:24-cv-732-MMH-LLL is remanded to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and the Clerk of the Court is **directed** to transmit a certified copy of this Order to the clerk of that Court.

B. Case No. 3:24-cv-826-MMH-MCR is remanded to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and the Clerk of the Court is **directed** to transmit a certified copy of this Order to the clerk of that Court.

C. Case No. 3:24-cv-961-MMH-MCR is remanded to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and the Clerk of the Court is **directed** to transmit a certified copy of this Order to the clerk of that Court.

4. The Clerk of the Court is further directed to **close** each case and **terminate** any remaining motions and deadlines as moot.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of July, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record